CONSOLIDATED TURNPIKE COMPANY *v.* NOR-
  FOLK & OCEAN VIEW RAILWAY COMPANY.

ERROR TO THE SUPRÉME COURT OF APPEALS OF THE STATE
                      OF VIRGINIA.

No. 152.  Petition for rehearing submitted April 28, 1913.—Decided
                      May 12, 1913.

Petition for rehearing granted, not because of doubt of correctness of
    the decree, but to prevent misconception concerning the reasons for
    dismissing the writ of error in this case; *ante,* p. 326.
The certificate of the judge of the court below that a Federal question
    was raised and passed upon is not, in the absence of any journal en-
    try, a certificate of the court, but this court may, if there is a recital
    in the certificate that the court orders the certificate to be made,
    accept it as incorporating into the record the necessary proof of
    existence of a Federal question.  *Marvin* v. *Trout,* 199 U. S. 212,
    distinguished.
Where the judgment of the state court rests upon a question of general
    law broad enough to support the decision, this court will not con-
    sider the Federal question, although it may have been raised in, and
    passed upon by, the court below.  *Gaar, Scott & Co.* v. *Shannon,* 223
    U. S. 468.

This court is not justified in taking jurisdiction on the bare claim that property has been taken without compensation, unless the averments of fact raise real and substantial questions which are not so devoid of merit as to be frivolous or which have not been foreclosed by prior decisions of this court.

The state courts of Virginia having held that a railroad company which had acquired title to land on which it had built its roadbed could condemn the interest in the land of a mortgagee in possession without paying for its own improvements, this court declines to review on the ground that the question of whether the mortgagee was deprived of his property without due process of law is frivolous.

The rule of the common law that fixtures annexed to the realty become a part thereof and subject to existing liens thereon is subject to many exceptions: in Virginia a corporation possessing the power of eminent domain may enter and use for public utility purposes and condemn the interest of the mortgagee without being obliged to pay more than the value of the land without such improvements.

Petition to rehear, 228 U. S. 326, dismissing writ of error to review 111 Virginia, 131, denied.

THE facts, which involve the jurisdiction of this court to review judgments of the state courts where the Federal question is so devoid of merit as to be frivolous, are stated in the opinion.

*Mr. Charles H. Burr* for plaintiff in error.

*Mr. Henry W. Anderson* and *Mr. E. Randolph Williams* for defendant in error.

Opinion of the court on petition to rehear, by MR. JUSTICE LURTON.

We gave leave to file the application for rehearing, not because of any doubt as to the correctness of the decree previously announced, but because of our desire to prevent any misconception concerning the reasons by which our previous conclusion to dismiss was sustained. It is insisted that the certificate of the presiding judge of the

court below, reciting that a Federal question was raised
and passed upon by the court when it considered and dis-
posed of the petition to rehear, was plainly not the certifi-
cate of the judge alone, but that of the court itself, and,
therefore, was sufficient to demonstrate the existence of
jurisdiction under the ruling in *Marvin* v. *Trout*, 199 U. S.
212.

The judgment of the inferior court in *Marvin* v. *Trout*
had been affirmed without any opinion. Thereafter the
Ohio Supreme Court ordered what is termed "a journal
entry" to be made, certifying that the plaintiff in error
had claimed that the judgment affirmed was founded
upon certain sections of the Revised Statutes of Ohio,
and that the plaintiff in error had "in his petition asserted
that the said sections of the Revised Statutes were in con-
travention of specified provisions of the Constitution of
the United States," and that the judgment of affirm-
ance was in favor of the validity of said statutes. This
court said that the certificate was "a certificate from
the court as distinguished from one by an individual
Judge."

In the present case, while it is true that the certificate
of the presiding judge contains a recital to the effect that
"the court orders it to be certified and made a part of the
record in this case and the Honorable James Keith,
President Judge of said Supreme Court of Appeals, does
now certify," etc., there is no journal entry as to the
matter and nothing is otherwise contained in the record
giving the slightest intimation that a Federal question
was raised and decided or the nature and character of such
question, if any.

The distinction between this case and *Marvin* v. *Trout*
is therefore this: Here there is nothing in the record proper
showing that a Federal question was considered and passed
upon by the court below, although there is a certificate
of the presiding judge to the effect that such was the case,

while in the *Marvin Case* there was a record disclosure of the existence of the Federal question which was in effect also certified to by the presiding judge of the court below. In other words, the distinction between the two cases in no way involved the accuracy of the certificate of the presiding judge, but whether conceding—as of course must be done—its complete accuracy, it was sufficient to show the existence of jurisdiction in the absence otherwise in the record of anything establishing that a Federal question was below considered and decided. Despite this difference and to prevent any possible inference that there was any intention to doubt in the slightest degree the accuracy of the statement contained in the certificate of the presiding judge of the court below, we have concluded that as it is recited in the certificate that it was made by the order of the court itself for the purpose of affording record evidence of the fact that a Federal question was considered and disposed of, that we may treat the certificate to that effect as incorporating into the record the necessary proof of the existence of some Federal question as the basis upon which our authority to review may be exerted.

Assuming, therefore, that this certificate operates to show that some Federal question was decided when the petition to rehear was refused, yet if it also appears that the judgment of the state court against the plaintiff in error was based upon a question of general law broad enough to support the decision, this court will not consider the Federal question, though it was considered and determined by the court below adversely to the plaintiff in error. *Murdock* v. *City of Memphis,* 20 Wall. 590, 636; *Hale* v. *Akers,* 132 U. S. 554; *Gaar, Scott & Co.* v. *Shannon,* 223 U. S. 468.

The bare claim that the judgment operated to take property of the plaintiff in error without compensation is not enough to justify this court in taking jurisdiction unless it also appears from the averments of fact upon

which the claim must depend that the question is one real and substantial and not so utterly without merit as to be frivolous, or a question concluded by previous decisions of this court: *New Orleans Water Works* v. *Louisiana*, 185 U. S. 336; *Equitable Assurance Society* v. *Brown*, 187 U. S. 308, 314; *Deming* v. *Carlisle Packing Co.*, 226 U. S. 102. In *Equitable Assurance Society* v. *Brown, supra*, it was said (p. 311): "There must be a real, substantive question upon which the case may be made to turn, that is, a real and not a merely formal Federal question is essential to the jurisdiction of this court." The writ in that case was dismissed, the court saying (p. 314): "That although a Federal question was raised below in a formal manner, that question, when examined with reference to the averments of fact upon which it was made to depend, is one which has been so explicitly decided by this court as to foreclose further argument on the subject, and hence to cause the Federal question relied upon to be devoid of any substantial foundation or merit."

The unsubstantial character of the Federal question in the present case will appear when we come to examine the facts upon which it depends.

The condemnation proceeding was in the right of the Bay Shore Company, a public service corporation of the State of Virginia, possessed of the right of eminent domain. That company was in possession of the land sought to be condemned, it being a long, narrow strip acquired for the purpose of constructing thereon a line of electric railway. It had entered under a warranty deed from the Consolidated Turnpike Company, another public service corporation of Virginia. The whole of the property of the latter corporation was under two mortgages made by it to secure issues of negotiable bonds, the land acquired under the deed of the Turnpike Company being but a part of the property subject to the aforesaid mortgages. The principal defendant below was, and the real plaintiff in

error here is, Walter H. Taylor, as trustee under both mortgages. The purpose of the condemnation proceeding was to condemn the interest of the mortgagees and any other adverse interest affecting the title of the Bay Shore Company. Though the entry was under the deed of the Turnpike Company, and, therefore, subject to the pre-existing liens of Taylor, trustee, the possession was taken for the purpose of placing thereon the railway tracks and of later extinguishing the interest of the mortgagees, by condemnation or otherwise. The claim of the condemning plaintiffs was that the Bay Shore Company, as a corporation, having the right of eminent domain, might thus enter by permission of the mortgagor company, and later condemn the mortgagee's interest by paying the actual value of the land, without considering the improvements which it had placed thereon after entry and before the institution of the proceeding. The judgment of the court below was that the only compensation which might be demanded by the mortgagees was the actual value of the land, and that they had in such a proceeding no right to require the improvements placed thereon by the condemning railway company to be considered in awarding damages.

The contention of the plaintiffs in error is that the permanent fixtures annexed to the mortgaged land passed by virtue of the mortgages to the trustee therein, and that there cannot be any condemnation which does not value such fixtures in assessing the value of the land taken. This was the claim which the Virginia court denied, holding that such a public service corporation had the right to enter under the deed of the mortgagor company and later condemn, compensating the mortgagees for the land only.

The contention here made is that under the Virginia Eminent Domain Statute the Bay Shore Company, as a public service corporation, had no power to condemn the property of the Consolidated Turnpike Company, another

public service corporation, and that, therefore, the. basis for the right of condemnation exercised in the state court did not exist.

It was not necessary to acquire any right, title or interest which belonged to the Turnpike Company. Its title and right had been theretofore acquired through its deed, and all that was sought to be condemned was such right, title and interest as was in Taylor, Trustee. That was subject to condemnation, and the single question which was or is debatable is whether the Bay Shore Company, which had entered under that deed, might condemn the mortgagee interest without paying for its own improvements.

The rule of the common law, to which the plaintiffs in error refer, that fixtures annexed to realty become a part thereof and subject to existing liens thereon, is one subject to many exceptions. One of these is that applied by the Virginia court, namely, that when a corporation possessing the right of eminent domain enters upon lands necessary for its public purposes, under the deed of a mortgagor in possession, and places permanent improvements thereon in good faith, it may later condemn the interest and title of the mortgagee without being required to pay more than the value of the land without the improvements placed thereon with intent to acquire the entire title. *Searl* v. *School District*, 133 U. S. 553, 561; *St. Johnsbury &c. Rd.* v. *Willard*, 61 Vermont, 134; *Jones* v. *N. O. Rd. Co.*, 70 Alabama, 232; *Justice* v. *Valley &c. Rd. Co.*, 87 Pa. St. 28; 2 Lewis Em. Dom., § 759, 3d ed.

From this it abundantly appears that the decision of the Virginia court was placed upon the general law of the State, and that when the Bay Shore Company entered upon the strip of land desired for a right of way under the deed of the Turnpike Company, it might place thereon its tracks and appurtenances, with the right to condemn the interest of preëxisting mortgagees upon paying the

actual value of the land without the improvement placed thereon by it.

The claim that in thus holding and deciding the court below denied to the plaintiff in error due process of law under the Fourteenth Amendment is neither real nor substantial, but so entirely without merit as to justify this court in refusing to take jurisdiction.

The petition to rehear is accordingly denied.

MR. JUSTICE PITNEY concurs in the result.