**AMERICAN LECITHIN CO., Inc., v. McNUTT, Federal Security Adm'r.**

**No. 212.**

Circuit Court of Appeals, Second Circuit.

May 27, 1946.

---

* The T. J. Hooper, 2 Cir., 60 F.2d 737; Sieracki v. Seas Shipping Co., Inc., 3 Cir., 149 F.2d 98, 100.

Baer & Marks, of New York City (Donald Marks and Max Benjamin, both of New York City, of counsel), for petitioner.

Theron L. Caudle, Asst. Atty. Gen., James B. Goding, Atty., Federal Security Agency, of Boston, Mass., and Vincent A. Kleinfeld, Atty., Department of Justice, of Washington, D. C., for respondent.

Before SWAN, CLARK, and WOODBURY, Circuit Judges.

SWAN, Circuit Judge.

The petitioner is engaged in the business of manufacturing and selling lecithin, which is a product extracted from soy beans and used by manufacturers of cacao products, such as sweet and milk chocolate and chocolate coated candies. The order of which the petitioner seeks judicial review fixes definitions and standards of identity for cacao products and permits the use of lecithin as an optional ingredient in such products, but, when so used, requires the label to carry the statement "Emulsifier Added" or "With Added Emulsifier."

The petitioner does not challenge the respondent's determination of standards of identity but asserts that the statute confers no power to order petitioner's product to be designated on labels by any word other than "lecithin," and that the term "emulsifier" is erroneous as applied to lecithin in chocolate products. It prays that the order be set aside only in so far as it (1) requires the above mentioned label statement for the optional ingredient lecithin and (2) "prohibits the use of the specific word 'lecithin' as the label statement for petitioner's product when used as an optional ingredient" in cacao products.

The first problem for consideration is whether we have jurisdiction to review the order. The respondent's authority to make the order is to be found in section 401 of the Act, 21 U.S.C.A. § 341. The provisions for review of such an order appear in section 701(f), 21 U.S.C.A. § 371(f). This section provides that "In a case of actual controversy as to the validity" of any such order, "any person who will be adversely affected by such order if placed in effect" may petition the appropriate circuit court of appeals for a judicial review of the order. The respondent contends that the petitioner is not a person "adversely affected" by the order "in a case of actual controversy." The petitioner is not a member of, nor does it represent the cacao products industry. The order does not touch the manner in which the petitioner's business shall be conducted: petitioner may still sell its product under the name "lecithin." The label requirements are directed only to its customers. Nor does the order, as the petitioner's prayer for relief has erroneously assumed, "prohibit" them from using the word "lecithin" on their labels provided they observe the prescribed label declaration; that is to say, petitioner's customers may if they wish, use a label statement reading "Emulsifier Lecithin Added" or "With Added Emulsifier Lecithin." That such a label would comply with the order is expressly conceded in the respondent's brief. We accept this reasonable construction by the Administrator of his own order and shall decide the question of jurisdiction on this basis. So construed the order does not, in our opinion, "adversely affect" the petitioner. Since its customers are privileged at their option to use or not use the word "lecithin" on their labels, if they do not use it it is their election, not the terms of the order, which will deprive the peti-

tioner of any advertising or competitive advantage that might be gained from having the label carry the word "lecithin." Nor can we see how the petitioner can be damaged by the addition of the word "emulsifier" as descriptive of lecithin. The findings of fact made by the respondent state that emulsifiers are commonly added to sweet chocolate and that lecithin and other named substances "are suitable for use as such emulsifying ingredients."

In support of its right to a judicial review the petitioner relies on A. E. Staley Mfg. Co. v. Secretary of Agriculture, 7 Cir., 120 F.2d 258, and Land O'Lakes Creameries, Inc., v. McNutt, 8 Cir., 132 F. 2d 653. In the Staley case the effect of the order was to prevent makers of sweetened condensed milk from using petitioner's corn syrup as a sweetener. In the Creameries case the effect of the order was to put oleomargarine into keener competition with petitioner's butter. Both of those cases were differentiated by this court in United States Cane Sugar Refiners' Ass'n v. McNutt, 2 Cir., 138 F.2d 116, where cane sugar producers objected to an order which permitted fruit canners to use dextrose and corn syrup as optional ingredients without having so to state on the labels. We held that any adverse effect of that order was too remote and indirect to give the petitioner standing to review the order. In the case at bar the damage is even more speculative than in the Cane Sugar case, for it will turn on whether or not the petitioner's customers elect to mention lecithin as the emulsifier they have added.

Petition dismissed for lack of jurisdiction.