**READE v. EWING, Federal Security Adm'r.**
**No. 231, Docket 22454.**

United States Court of Appeals
Second Circuit.
Argued May 14, 1953.
Decided June 23, 1953.

---

11. The suit, in fact, was instituted by the insurer to recover the entire premium.

Richter & Levy, New York City (Joseph Richter, New York City, of counsel), for petitioner.

Warren Olney III, J. Edward Lumbard, Jr., Vincent A. Kleinfeld and John T. Grigsby, Washington, D. C. (Paul M. Steffy, Washington, D. C., of counsel), for respondent.

Before CHASE, CLARK and FRANK, Circuit Judges.

1. Authorized by § 701(f) (1) of the Federal Food, Drug & Cosmetic Act of 1938, 21 U.S.C.A. § 371(f) (1), which reads as follows:

"In a case of actual controversy as to the validity of any order under subsection (e), any person who will be adversely affected by such order if placed in effect may at any time prior to the ninetieth day after such order is issued file a petition with the United States court of appeal for the circuit wherein such person resides or has his principal place of business, for a judicial review of such order. The summons and petition may be served at any place in the United States. The Administrator, promptly upon service of the summons and petition, shall certify and file in the court the transcript of the proceedings and the record on which the Administrator based his order."

FRANK, Circuit Judge.

Petitioner, a dealer in fish oils which are a natural source of vitamin A, seeks judicial review[1] and the setting aside of an order[2] of the Federal Security Administrator[3] (promulgated after hearings), allowing the optional vitamin content of oleomargarine to be supplied by synthetic as well as natural sources without indicating the source on the label, but containing merely the designation, "Vitamin A added."

Petitioner challenges the validity of the respondent's order, asserting that it is not supported by sufficient evidence to show that it "will promote honestly and fair dealing in the interest of consumers" of oleomargarine; he contends that he is "adversely affected" in his capacity as a producer of an ingredient used in oleomargarine fortified by vitamin A, and also as a consumer of such oleomargarine.

A motion by respondent to dismiss the petition for lack of jurisdiction[4] was denied by this court without prejudice to its renewal at the argument of the petition, and respondent has now renewed its motion.

1. We need not consider whether, in the light of our previous decisions,[5] the allegations of petitioner's interest as a producer suffice to meet the jurisdictional requirements. For the allegations of interest as consumer[6] do meet them: (a) The

2. Under 21 U.S.C.A. § 341.

3. His functions are now administered by the Department of Health, Education and Welfare. Reorganization Plan No. 1 of 1953, 67 Stat. 18, 5 U.S.C.A. §§ 133 z–15 note, 623.

4. See note 1 supra.

5. American Lecithin Co. v. McNutt, 2 Cir., 155 F.2d 784; United States Cane Sugar Refiners' Association v. McNutt, 2 Cir., 138 F.2d 116.

6. "8. In addition, your petitioner and the members of his family are consumers and prospective consumers of oleomargarine and the inclusion of any harmful ingredient therein which will make or which may make the oleomargarine unwholesome and detrimental to the health of a human being, will adversely affect and harm petitioner and the members of his family."

allegation that the order violates the statute discloses a "case of actual controversy." (b) The asserted consumer interest constitutes him a person "adversely affected." As we have elsewhere said, if Congress authorized the Attorney General to bring suit to restrain a federal officer from exceeding his statutory authority, such a suit would be a "case or controversy" satisfying the constitutional provision; it would therefore satisfy the first statutory provision before us here. As we have also said elsewhere, Congress, by authorizing certain persons within a described class—here those "adversely affected"—to bring actions to restrain such officers from transcending their statutory authority, validly creates a class of "private Attorney Generals" to vindicate the right of the United States against its wrongdoing officer. Associated Industries v. Ickes, 2 Cir., 134 F.2d 694, 704; Federal Communications Commission v. Sanders Bros. Radio Station, 309 U.S. 470, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037;

Scripps-Howard Radio, Inc., v. Federal Communications Commission, 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229.[7] With respect to the issue of jurisdiction, as distinguished from the merits, it suffices that the jurisdictional allegations are in good faith and substantial, i. e., not frivolous.[7a]

■■ 2. On the merits, however, petitioner must lose, since there was substantial evidence to support the Administrator's findings and conclusions, and therefore we cannot set the order aside.

■ Petitioner asks that, pursuant to 21 U.S.C.A. § 371(f)(2),[8] we stay the operation of the order and require the Administrator to reopen the hearing for the introduction by the petitioner of new evidence. The Administrator has already written petitioner a letter (which is of record) discussing that proposed evidence, and indicating that the Administrator would not change his decision on account of that evidence. We have considered the case as if the record contained that evidence and also

7. Cf. Littleton v. Fritz, 65 Iowa 488, 495–496, 22 N.W. 641, 645: "It is further claimed that the statute is invalid because it authorizes an action to be brought by any citizen of the county, without a showing that he is especially damaged by the nuisance. * * * There can be no doubt that it is within the power of the legislature to designate the person or a class of persons who may maintain actions to restrain and abate public nuisances, and when that is done the action is for all purposes an action instituted in behalf of the public, the same as though brought by the attorney general or public prosecutor."

In Barrows v. Farnum's Stage Lines, Inc., 254 Mass. 240, 243, 150 N.E. 206, 208, the court said: "The state has power to confer jurisdiction upon its courts to consider suits at the instance of those who have very remote and even no personal interest in the subject-matter. It may invoke or permit the aid in law enforcement of one or of a group of private citizens, whose only purpose is the promotion of observance of law. There is no constitutional objection to this exercise of legislative power. * * * A stated number of citizens or a single individual may be clothed by the Legislature with authority to invoke the aid of courts in the suppression of violations of law."

See also, Marvin v. Trout, 199 U.S. 212, 225, 26 S.Ct. 31, 50 L.Ed. 157; United States ex rel. Marcus v. Hess, 317 U.S. 537, 541 note, 63 S.Ct. 379, 87 L.Ed. 443.

7a. The Fair v. Koehler Die & Specialty Co., 228 U.S. 22, 25–26, 33 S.Ct. 410, 57 L.Ed. 716.

8. 21 U.S.C.A. § 371(f)(2) reads as follows:

"If the petitioner applies to the court for leave to adduce additional evidence, and shows to the satisfaction of the court that such additional evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the proceeding before the Administrator, the court may order such additional evidence (and evidence in rebuttal thereof) to be taken before the Administrator, and to be adduced upon the hearing, in such manner and upon such terms and conditions as to the court may seem proper. The Administrator may modify his findings as to the facts, or make new findings, by reason of the additional evidence so taken, and he shall file such modified or new findings, and his recommendation, if any, for the modification or setting aside of his original order, with the return of such additional evidence."

a formal ruling thereon by the Administrator along the lines of his letter. On that basis, we see no grounds for disturbing the order.

Petition dismissed on the merits.