## FULLERTON *v.* TEXAS.

### ERROR TO THE COURT OF CRIMINAL APPEALS OF THE STATE OF TEXAS.

No. 112. Argued December 16, 1904.—Decided January 9, 1905.

It is too late to raise a Federal question by petition for rehearing in the Supreme Court of a State after that court has pronounced its final decision unless it appears that the court entertained the petition and disposed of the question.

The certificate of the presiding judge of the Supreme Court of the State, made after the decision, to the effect that a Federal question was considered and decided adversely to plaintiff in error, cannot in itself confer jurisdiction on this court; and on the face of this record and from the opinions the reasonable inference is that the application for rehearing may have been denied in the mere exercise of discretion, or the alleged constitutional question was not passed on in terms because not suggested until too late.

THE facts are stated in the opinion.

*Mr. William W. Griffin,* with whom *Mr. A. D. Englesman* was on the brief, for plaintiff in error.

*Mr. C. K. Bell,* Attorney General of the State of Texas, appeared for defendant in error but did not make any argument or file any brief.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court:

Fullerton was charged by information with unlawfully conducting, carrying on and transacting the business of dealing in futures in cotton, grain, etc.; and unlawfully keeping a bucket shop, so called, "where future contracts were then and

there bought and sold with no intention of an actual *bona fide* delivery of the articles and things so bought and sold." He was found guilty as charged, and sentenced to a fine of two hundred dollars and imprisonment for thirty days. The case was carried to the Court of Criminal Appeals of Texas, and judgment affirmed. The court in its opinion stated the contention to be that the evidence did not show a violation of the statute, namely, Art. 377 of the Penal Code; and held on a consideration of the facts that Fullerton had clearly brought himself within and violated the statute. 75 S. W. Rep. 534. Fullerton thereupon moved for a rehearing, which motion was overruled. This application for rehearing assigned, among other grounds, that the statute as construed by the court was in violation of the Constitution of the United States, vesting in Congress the power to regulate commerce among the several States. In overruling the motion, the court delivered a second opinion on the question of the sufficiency of the indictment, which was attacked, not in the motion for rehearing, but in an additional brief presented after the submission of that motion. The court, however, held the indictment good and, after stating that "the motion for rehearing was mainly devoted to an attack on the original opinion wherein the evidence was held sufficient," adhered to that opinion. 75 S. W. Rep. 535. No reference to the Constitution of the United States was made by the court, nor does the record disclose any such reference, except in the petition for rehearing as before stated.

We have repeatedly ruled that it is too late to raise a Federal question by a petition for rehearing in the Supreme Court of a State after that court has pronounced its final decision, although if the state court entertains the petition and disposes of the Federal question, that will be sufficient. *Mallett* v. *North Carolina*, 181 U. S. 589. In that case it was observed: "Had that court declined to pass upon the Federal questions and dismissed the petition without considering them, we certainly would not undertake to revise their action."

Some weeks after the denial of the motion for a rehearing,

this writ of error was allowed by the presiding judge of the Court of Criminal Appeals, who certified that on that motion it was contended "that under the evidence in the cause plaintiff in error was engaged in interstate commerce and commerce between different States within the meaning of article one, section eight, of the Constitution of the United States, and that the statutes of the State of Texas could not make such matters and transactions an offense, and that to do so would violate said constitutional provision." And further "that said contention was duly considered by us and decided adversely to plaintiff in error."

But on the face of the record proper and from the opinions, the reasonable inference is that the court may have denied the application in the mere 'exercise of its discretion, or declined to pass on the alleged constitutional question, in terms, because it was suggested too late, and nothing is more firmly established than that such a certificate cannot in itself confer jurisdiction on this court. *Henkel* v. *Cincinnati*, 177 U. S. 170; *Dibble* v. *Bellingham Bay Land Company*, 163 U. S. 63.

*Writ of error dismissed.*