BOUTALL, Judge.
This is an injunction proceeding brought by several individual teachers, together with a teachers’ association, to enjoin the implementation of a collective bargaining contract between the Jefferson Parish School Board and the Jefferson Federation of Teachers, based on improper ratification.
The question is whether non-members of the bargaining agent are entitled to vote on ratification of the contract. The trial court dismissed plaintiffs’ suit and plaintiffs appeal.
Acting upon the petitions of two teachers’ groups, one the Louisiana Professional Coalition and the other the Jefferson Federation of Teachers, to call an election for a collective bargaining agent for classroom teachers, the Jefferson Parish School Board held an election on April 8, 1975 under the supervision of the American Arbitration Association. The Jefferson Federation of Teachers was certified the winner of the election and became the exclusive collective bargaining agent representing the classroom teachers. After negotiations between the School Board and the Federation, a tentative agreement was reached on November 6, 1975 for a contract governing the employment of the teachers. Shortly thereafter, the bargaining agent submitted the proposed contract to all of the teachers for ratification at a meeting held in one of the schools, and all teachers, whether or not members of the bargaining agent, were allowed to attend and vote. The agreement was not ratified.
Thereafter the school board and the Federation again entered negotiations for an agreement and tentatively reached another agreement on December 19, 1975. This agreement was not submitted to all of the teachers for ratification but was only submitted to the membership of the Jefferson Federation of Teachers in a mail referendum. This procedure was in accordance with the resolution of the governing authority of the Federation on November 19, 1975, wherein it was provided that future contract ratification would be effected through membership referendum. The agreement was ratified by the membership and on January 29, 1976 a binding contract was executed by the board and the federation. It is the ratification of this contract, that brings on the injunctive proceedings.
At the outset, we are aware of no statutory law or constitutional provision which grants employees the absolute right to vote for or against ratification of collective bargaining agreements. We must thus be guided by analogy to other laws such as the National Labor Relations Act, 49 Stat. 449 (1935); 29 U.S.C. §§ 151-68, and the general constitutional provisions relating to equal protection and substantive rights. There is jurisprudence to the effect that the membership of the Union has a right to vote on ratification of a contract if it is so *585 provided in its constitution. There is also jurisprudence which permits non-members of the Union to engage in a ratification vote when it is part of the agreement or contract between the employer and the bargaining agent.
In the present case, it is admitted that there is no such express agreement by the employer, nor any contained in the election agreement under which the guidelines for the original election was held. The most that can be urged here is that in the course of campaigning for that election, the Federation caused to be published in a newsletter the week before the election a question and answer format in which the reply stated that “When it comes time to ratify a contract, A.F.T. pledges to let every teacher vote, not just members.” Based upon this, and the testimony of one of the plaintiffs that one of the Federation organizers verbally assured several teachers that they would have a similar right to vote, the appellants have contended that there was a binding agreement or contract made by the Federation which is now enfor-cible. It is further suggested that this contractual agreement, honored by the ratification vote on the first contract, has been breached by the method of ratification vote on the second contract. The trial court found that this did not constitute a binding contract, and we agree. Although appellants urge that this was an unfair or deceptive practice to lure teachers into voting for approval of the Federation as the collective bargaining agent, no proof was elicited which would cause us to believe that it was in fact deceptive. Indeed we are more impressed with the position of the Federation, that the change in method of approval came about as a result of the rather stormy and unruly meeting when ratification of the first contract was attempted.
We consider the major issue here presented to be appellants’ claim that the Federation action is contrary to the basic constitutional rights granted under Article 1, § 3 of the Louisiana Constitution of 1974 and the 14th Amendment of the Constitution of the United States. Conceding for the sake of argument, that the action of the Union in its relationship with the School Board constitutes governmental involvement by a political subdivision of the State, the action of the Union in denying nonmembers a right to vote on ratification of the collective bargaining agreement discriminates against nonmembers because of their political ideas or affiliations (Article 1, § 3 of the Louisiana Constitution of 1974 and Article 10, § 10(A)(3) of that Constitution) prohibiting discrimination against an employee because of his membership or nonmembership in any private organization. In this latter respect, we note the entire section does not prohibit a political subdivision from contracting with an employee organization for employment conditions.
Union membership has been recognized by the United States Supreme Court as mandating no special treatment under the equal protection clause. City of Charlotte v. Local 660, International Association of Firefighters, 426 U.S. 283, 96 S.Ct. 2036, 48 L.Ed.2d 636 (1976). A public body or agency dealing with a labor organization or its members must meet what is classified as a relatively relaxed standard in its relations. Memorial Hospital v. Maricopa County, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974).
We find in the record before us nothing to require that we examine the change in the ratification procedure other than to establish that it meets a rational basis. The requirements of the reasonable or rational basis test was summarized in Morey v. Doud, 354 U.S. 457, 77 S.Ct. 1344, 1 L.Ed.2d 1485, as follows:
“1. The equal Protection Clause of the 14th Amendment does not take from the state the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary.
“2. A classification having some reasonable basis does not offend that clause merely because it is not made with math *586 ematical nicety or because in practice it results in some inequity.
“3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed.
“4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78-79, 31 S.Ct. 337, 340, 55 L.Ed. 369. (354 U.S. at 463, 464, 77 S.Ct. at 1349).
We consider that the classification by the Federation with respect to voting rights between its members and nonmembers is reasonable and rational. We have above pointed to one of the reasons for the change. Additionally we point out that the Federation has been elected as the exclusive collective bargaining agent and the benefits that it obtains are for the benefit of all of the workers. Its responsibility to all employees is such that it must exercise control over itself in order to produce those benefits to the greatest effect. Its members pay dues and contribute effort to its support. While it can exercise some degree of control over improper actions of its members, it cannot exercise that control over improper action of nonmembers. We are not justified, on the basis of the facts shown in this case, in upsetting either the resolution of the Federation providing for membership ratification or interfering with the implementation of the contract approved as a result thereof.
For the reasons above assigned, the judgment appealed from is affirmed.

AFFIRMED.