

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Gibson D. (Gib) Lewis
Chairman
Committee on Intergovernmental
  Affairs
House of Representatives
Room 114, John H. Reagan Bldg.
Austin, Texas   78711

Opinion No. MW-557

Re:  Construction of article
5154c-1, V.T.C.S.

Dear Representative Lewis:

You have requested our opinion whether as a part of its duty of fair representation, a police association recognized under article 5154c-1, V.T.C.S., is required to extend to non-association members of a bargaining unit the opportunity to vote on contract ratification.

Policemen and firemen employed by cities that have adopted the provision of article 5154c-1, V.T.C.S., have the right to organize and bargain collectively. If after election it is shown that a majority of policemen working for a department desire to organize, the public employer must recognize the organization as "the sole and exclusive bargaining agent" for all the policemen in that department. V.T.C.S. art. 5154c-1(6)(b).

A careful reading of the statute reveals no language requiring an association to permit non-members of the bargaining unit to vote on contract ratification. Nor, for that matter, does the statute require the association to extend this right to its members. Section 8 provides in part:

> Whenever a public employer and an association reach an agreement on compensation and/or other terms and conditions of employment.... [t]he agreement shall be enforceable and shall be binding upon the public employer, the association, and the firefighters or policemen covered therein.

While the right to vote on contract ratification could be extended to members and/or non-members through an organization's constitution or by-laws, the statute does not mandate this result. It is clear from the language found in section 8 that an agreement need

only be reached between the association, i.e., its bargaining agent, and the employer to legally bind all members of the unit.

In your request you cite the duty of fair representation and ask whether or not this duty, article 5154c-1 notwithstanding, requires public employee associations to seek contract ratification from non-members.

The duty of fair representation had its origins and has been chiefly defined through a series of federal court decisions interpreting the National Labor Relations Act, 29 U.S.C. section 151 et seq. See, e.g., Steele v. Louisville and Nashville RR Company, 324 U.S. 192 (1944); Ford Motor Company v. Huffman, 345 U.S. 330 (1952).

Simply stated, the duty of fair representation imposes upon a labor organization granted exclusive bargaining status under federal statutes an obligation to serve the interests of all members of the bargaining unit "without hostility or discrimination... to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." Vaca v. Sipes, 386 U.S. 171, 177 (1967). The duty extends to members and non-members alike, Steele v. Louisville and Nashville RR Company, supra, and encompasses both the collective bargaining process and the enforcement of the collective bargaining agreement. Vaca v. Sipes, supra. Although this doctrine has not been invoked in a reported case in Texas, those jurisdictions having public employee bargaining statutes similar to our own uniformly have held that the duty of fair representation does not require a public employee association to submit contracts for the approval of non-members. Pennsylvania Labor Relations Board v. Eastern Lancaster County Education Association, 427 A.2d 305 (Pa. 1981); Daigle v. Jefferson Parish School Board, 345 So.2d 583 (La. 1977); Wald v. Nassau Chapter Civil Service Employees Association, Inc., 340 N.Y.S.2d 45 (N.Y. Sup. 1973). This result stems from the very nature and purpose of collective bargaining statutes, which is to provide for the orderly resolution of labor disputes by vesting exclusive authority to negotiate contracts in the representative organization chosen by a majority vote of the members of a bargaining unit.

We concur with the holdings of other jurisdictions and find that the duty of fair representation would not require that a public employee association recognized under article 5154c-1 extend to non-association members the opportunity to vote on contract ratification.

## S U M M A R Y

Article 5154c-1 does not require that a public
employee association extend to non-association
members of a bargaining unit the opportunity to

vote on contract ratification. The duty of fair representation does not require that a public employee association extend to non-association members of a bargaining unit the opportunity to vote on contract ratification.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by William O. Goodman
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Jim Moellinger