375 F.2d 105
 Michael TUTOKI, Vera Mae Jeffries, Frank J. Worachek, Howard
Haney, C. Clarke Woods, Eugene L. Sydow, Dhester C. Spease,
and Chester J. Wojtowicz, Administrator of the Eatate of
Geraldine E. Roy, deceased, for and on behalf of Raymond
Roy, Jr., surviving child, and Helen Mathews, surviving
mother of Geraldine Roy, deceased et al., Plaintiffs-Appellants,
v.
Hon. Anthony J. CELEBREZZE, Hon. John W. Gardner, Successor
to Anthony J. Celebrezze, Secretary, Department of Health,
Education and Welfare, Melville H. Hosch, Regional Director,
Department of Health, Education and Welfare, George F.
Larrick, Commissioner, Federal Food and Drug Administration,
John J. Guill, Jr., District Director, Federal Food and Drug
Administration, and the United States of America,
Defendants-Appellees.
 No. 15701.
 United States Court of Appeals Seventh Circuit.
 Jan. 23, 1967.
 
 Luis Kutner, Robert R. Napoleon, Chicago, Ill., for appellants.
 Edward v. Hanrahan, U.S. Atty., William J. Hurley, Asst. U.S. Atty., Chicago, Ill., for appellees, John Peter Lulinski, Asst. U.S. Atty., of counsel.
 Before SCHNACKENBERG, KILEY and SWYGERT, Circuit Judges.
 KILEY, Circuit Judge.
 
 
 1
 Plaintiffs appeal from a judgment dismissing their amended complaint seeking injunctive, declaratory and compensatory relief based on defendants' alleged arbitrary, unauthorized and unconstitutional conduct in prohibiting, under color of federal law, the interstate shipment of Krebiozen from Illinois to various states where plaintiffs live. We affirm.
 
 
 2
 The original plaintiff, now deceased, was Geraldine Roy, a cancer patient residing in Arizona. She filed the original complaint in April, 1965. On October 15 her death was suggested and a motion made to substitute the administrator of her estate as original plaintiff and to substitute Secretary John W. Gardner for Anthony J. Celebrezze. The motion was granted as to substitution of Secretary Gardner, but otherwise continued to January, 1966, when an amended complaint was filed with leave of court. The amended complaint substituted the administrator and named odditional parties plaintiff. Defendant's motion to dismiss the amended complaint was allowed; judgment and this appeal followed.
 
 
 3
 In the first five counts of the amended complaint, plaintiffs, except the administrator, make virtually the same allegations as those made by Geraldine Roy in the original complaint. In the sixth count, the administrator of the estate of Geraldine Roy alleges a wrongful death claim under the Federal Tort Claims Act[1] on behalf of the surviving son and mother of Geraldine Roy.
 
 
 4
 The gist of the various claims is that defendant, under color of the Federal Food, Drug and Cosmetic Act of 1938,[2] prevented the interstate shipment of Krebiozen and are continuing to do so by their unconstitutional and unlawful acts, to the detriment of plaintiffs, who are cancer patients. Section 505(a) of the Federal Food, Drug and Cosmetic Act[3] prohibits the interstate shipment of any new drug unless an application filed under section 505(b) is approved or the drug is exempted under section 505(i).
 
 
 5
 The plaintiffs allege that defendants, acting under color of law but beyond their authority, coerced Dr. Stevan Durovic, sponsor of the drug Krebiozen, into withdrawing his application for an exemption to ship Krebiozen interstate; that defendants have imposed discriminatory, harsh and severe standards in testing Krebiozen so that it cannot obtain approval and were predetermined to refuse Krebiozen an exemption; that as a result plaintiffs, advised by their physicians to receive treatment with Krebiozen, have been forced to leave their homes in other states of their residence and come to Illinois to receive the necessary treatment, which has benefited them; that as a result defendants by this conduct have subjected plaintiffs to irreparable injury through 'cruel and unusual punishment,' violated their constitutional rights and caused physiological, psychological and proprietary damage; and that plaintiffs have no adequate remedy at law.
 
 
 6
 In the first five counts plaintiffs seek a declaratory judgment with respect to their rights and defendants' liabilities, and a declaratory judgment that section 505 of the Act is unconstitutional as applied to them and to Krebiozen. They also seek an injunction to restrain defendants from enforcing the section 505(a) prohibition against interstate shipment of Krebiozen. In the sixth count the administrator of the estate of Geraldine Roy seeks damages on behalf of her son and mother because of her alleged wrongful death resulting from defendants' alleged misconduct.
 
 
 7
 Defendants' motion to dismiss was based on grounds of want of jurisdiction over subject matter and parties; improper venue; adding additional parties in violation of Fed.R.Civ.P. 25 because the claims in counts one to five were extinguished at Geraldine Roy's death; sovereign immunity; the discretionary character of the alleged wrongful conduct of defendants; and failure to state a claim upon which relief can be granted.
 
 
 8
 The present posture of Krebiozen vis-a-vis the Food and Drug Administration (FDA) is that it is not approved under or exempted from section 505. The FDA has promulgated no order with respect to the drug, and no application of plaintiffs is pending before the agency.
 
 
 9
 An essential element of proof by plaintiffs would be a showing that if the FDA had passed upon Krebiozen according to statutory and constitutional standards, it would have been approved or exempted.[4] The relief sought by plaintiffs therefore presupposes a deter mination by the district court that Krebiozen should be approved for interstate shipment or exempted from the prohibition pursuant to the standards Congress enacted in the Food. Drug and Cosmetic Act. This determination is a matter within the primary jurisdiction of the FDA. See Far East Conference v. United States,342 U.S. 570, 72 S.Ct. 492, 96 L.Ed. 576 (1952).[5] The district court has neither the facilities nor the expertise to pass on Krebiozen in the first instance. The possible conflict of a judicial determination of this question with a subsequent FDA decision on Krebiozen strengthens our view that the doctrine of primary jurisdiction should be applied.
 
 
 10
 We reach none of the other questions presented by the parties. We hold that the district court did not err in dismissing the complaint. Our judgment, however, is without prejudice to any future proceeding for injunctive relief to enforce plaintiffs' alleged right to a determination by the FDA within a reasonable time as to any application filed by them before the FDA.[6]
 
 
 11
 Affirmed.
 
 
 
 [1]
 28 U.S.C.A. 1346(b), 2674 (1964)
 
 
 [2]
 52 Stat. 1040 (1938), as amended, 21 U.S.C. 301-392 (1964)
 
 
 [3]
 52 Stat. 1052 (1938), as amended, 21 U.S.C. 355(a) (1964). Sections 301(d) and 303 of the Act provide criminal sanctions for violation of section 505. 52 Stat. 1042, 1043 (1938), as amended, 21 U.S.C. 331(d), 333 (1964)
 
 
 [4]
 The allegation that Krebiozen is harmless, taken as true, does not suffice to bring the drug within the standards of Section 505(d) of the Act
 
 
 [5]
 In that case the Supreme Court held:
 * * * In cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created by Congress for regulating the subject matter should not be passed over. This is so even though the facts after they have been appraised by specialized competence serve as a premise for legal consequences to be judicially defined. Uniformity and consistency in the regulation of business entrusted to a particular agency are secured, and the limited functions of review by the judiciary are more rationally exercised, by preliminary resort for ascertaining and interpreting the circumstances underlying legal issues to agencies that are better equipped than courts by specialization, by insight gained through experience, and by more flexible procedure.
 Far East Conference v. United States, 342 U.S. at 574-575, 72 S.Ct. at 494. See generally 3 Davis, Administrative Law Treatise 19.01-.09 (1958).
 
 
 [6]
 Section 505(b) of the Act provides in part, 'Any person may file with the Secretary an application with respect to any drug subject to the provisions of subsection (a) of this section.' See 21 C.F.R. 130.4-30 (1966). Section 505(i) directs the Secretary to promulgate regulations governing exemptions. The applicable regulations provide that a 'sponsor' of a proposed investigation of a new drug may file an application for exemption. 21 C.F.R. 130.3 (1966). Under section 701(f)(1) of the Act any person 'adversely affected' by an order of the Secretary may file a petition for review in the proper court of appeals 'in a case of actual controversy.' 52 Stat. 1055 (1938), as amended, 21 U.S.C. 371(f)(1) (1964). See Reade v. Ewing, 205 F.2d 630 (2d Cir. 1953)