Dr. F. Allen **RUTHERFORD**, Edward J. Cronley, Vera Mae Jeffries, Dorothy Williams, C. R. Easter, Chester Plonski, and Sally Ranich et al., Appellants,

v.

**AMERICAN MEDICAL ASSOCIATION** et al., Appellees.

Nos. 15847, 15930.

United States Court of Appeals Seventh Circuit.

June 23, 1967.

642

Edward J. Cronley, Amityville, N. Y., pro se.

Frank O. Walther, Haverford, Pa., John A. Hyde, Robert Elliott, Chicago, Ill., for appellants.

Edward V. Hanrahan, U. S. Atty., Roger J. Balla, James J. Kelly and John Peter Lulinski, Asst. U. S. Attys., of counsel, for other appellees.

Karl F. Nygren, Bernard Harrold, Elsie C. Spears, of Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., for American Medical Ass'n.

Prentice H. Marshall, John C. Tucker, Chicago, Ill., James J. Costello, Urbana, Ill., for Board of Trustees of University of Illinois, George D. Stoddard, Warren G. Cole, and Danely Slaughter.

Before HASTINGS, Chief Judge, DUFFY, Senior Circuit Judge, and SCHNACKENBERG, Circuit Judge.

HASTINGS, Chief Judge.

This is an appeal from the district court's dismissal on all counts, of plaintiffs' suit for a permanent injunction against defendants, requiring them to cease interfering, in any way, with the national distribution of an alleged cancer drug, Krebiozen.

Jurisdiction in the case was asserted to arise from issues of constitutional import and from the civil rights statutes, 42 U.S.C.A. §§ 1983, 1984, 1985.

Plaintiffs are Dr. Allen Rutherford and a number of cancer patients who have been treated for their disease by the use of Krebiozen.

The mammoth amended complaint— 243 pages, excluding exhibits—which contained eight counts, is difficult to characterize. Most of the complaint is general, irrelevant, vituperative, scandalous and conclusory. Its burden, presumably set down in the hope of establishing a conspiracy of medical and health organizations and institutions, is a full frontal attack on defendants, the American Medical Association, the American Cancer Society, the medical profession generally, the Board of Trustees of the University of Illinois, the Federal Food and Drug Administration (FDA), a number of employees of the foregoing and various individual defendants.

The objective of this attack is to show that the medical profession, with allied parties, purposefully suppresses innovations in medical therapy and that the named defendants have joined in this conspiracy. In essence and sympathetically viewed, the complaint is an outcry of hopeless, suffering cancer victims, who lack the funds required by the recognized cancer therapies and who believe in the ameliorative and curative properties of the now well publicized drug, Krebiozen. Supported by testimonials of Krebiozen's efficacy, they place hope

in this drug, but they find it withheld from interstate distribution,[1] and they lay the blame for its unavailability upon the defendants.

Krebiozen is unavailable in interstate commerce. As a new drug, it has not received an approval, required by the Food, Drug and Cosmetic Act, 21 U.S.C.A., § 355,[2] which would permit its introduction into interstate commerce.

Section 355 of the Act establishes an introduction procedure for new drugs, designed to elicit sufficient scientific information about a drug, including reports on investigations, composition, methods and precautions in manufacture, and samples of the drug, which will permit an intelligent assessment of its safety and efficacy. Section 355(i) provides an alternative procedure for drugs intended solely for investigational use. Compliance with a comprehensive set of regulations promulgated by the Secretary of Health, Education and Welfare is required.

Krebiozen has complied with neither procedure. In 1963, a § 355(i) notice was filed, but was quickly withdrawn. Another notice was filed in 1966, but it did not approach compliance with the regulations. As it now stands, Krebiozen has not been approved, exempted, or denied approval under § 355, and no application with respect to Krebiozen is pending before the FDA.

■ In a previous case of this kind, we held that an essential element of the plaintiff's case is a showing that under the appropriate standards, Krebiozen would be approved or exempted. Tutoki v. Celebrezze, 7 Cir., 375 F.2d 105 (1967). Since jurisdiction for judicial review of administrative action is statutory in this case, 21 U.S.C.A. § 355(h); cf. A. F. L. v. National Labor Relations Board, 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347 (1940), initial approval or exemption of a drug is within the primary jurisdiction of the FDA. Tutoki, supra. Only after action by the FDA is court review appropriate and provided for by statute. 21 U.S.C.A. § 355(h). Cf. Turkel v. Food and Drug Administration, Dept. of H., E. & W., 6 Cir., 334 F.2d 844 (1964).

Plaintiffs contend, however, that as long as the alleged conspiracy remains unenjoined, it is immaterial whether or not Krebiozen is exempt from Government regulation. In their complaint, plaintiffs have alleged, in effect, that the FDA has systematically attempted to discredit Krebiozen and to prevent its introduction into commerce. It is argued that on a motion to dismiss, we must accept the truth of these allegations.

■ Accepting their truth arguendo, plaintiffs still have not shown that they have in good faith attempted to comply with the procedures established by Congress for the introduction of new drugs, nor has it been shown that the failure to apply can be attributed solely to the activities of the FDA and the defendants. The fact that compliance might be expensive and burdensome is not unfairness in the procedure, but a consequence of a reasonable Congressional scheme for the introduction of new drugs.

■ Without an attempted good faith application for approval or exemption, we have no jurisdiction to determine whether the FDA has illegally placed impossible or unreasonable conditions on approval or exemption, or has made requests for information impossible to fulfill, or whether the FDA has been dilatory, biased, or discriminatory. Until someone has attempted to comply with the Act with respect to Krebiozen, plaintiffs' appeal should be to the sponsors of the drug.

■ Plaintiffs further contend that the Act cannot regulate Krebiozen since,

---

1. Krebiozen is available within Illinois and may be manufactured and distributed within other states.

2. "No person shall introduce or deliver for introduction into interstate commerce any new drug, unless an approval of an application filed pursuant to subsection (b) of this section is effective with respect to such drug." 21 U.S.C.A. § 355 (a).

as it is to be distributed free of charge for investigational purposes, it is not in commerce. There is no merit in this argument, for regulation under the Commerce Clause is not limited to articles or activities for which there is a transfer for value. United States v. South-Eastern Underwriters Assn., 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440 (1944); Bell v. Porter, 7 Cir., 159 F.2d 117 (1946), cert. den., 330 U.S. 813, 67 S.Ct. 1092, 91 L.Ed. 1267 (1947).

■ Plaintiffs also contend that Krebiozen is exempt from the requirements of the Act because it is non-toxic. This argument is mistaken, for the new drug provisions of the Act, which prohibit introduction of new drugs without approval, apply without reservation to all new drugs. Even if Krebiozen is non-toxic as alleged, toxicity is not the sole criterion to be applied by the FDA to new drugs. Effectiveness of the drug as well as its safety and the safety of its manufacturing procedures is a relevant criterion. 21 U.S.C.A. § 355 (d); cf. United States v. Allan Drug Corporation, 10 Cir., 357 F.2d 713 (1966).

■ Plaintiffs argue that Krebiozen is not a drug, but a biological product not falling within the scope of the Food, Drug and Cosmetic Act. If Krebiozen is a biological product, however, it must meet the more stringent licensing provisions of the Public Health Service Act, 42 U.S.C.A. § 262, which it has not done. Cf. 21 C.F.R. §§ 130.2(a) and 130.3(g). We do not find a gap between the Food, Drug and Cosmetic Act and the Public Health Service Act which would leave Krebiozen unregulated under either statute.

■ Finally, we note that plaintiffs, because they have not shown that at least one of the defendants acted under color of state law to injure them or deny them a federally protected right, have not stated a cause of action under the civil rights statutes. See Kamsler v. M. F. I. Corp., 7 Cir., 359 F.2d 752 (1966). In this case, only the University of Illinois can be considered a state agent. There is no legal requirement that the University of Illinois permit its personnel to experiment with Krebiozen or to endorse it, and plaintiffs have no more right to Krebiozen experimentation at the University of Illinois than they do at any research institution. The law does not require that innovations, good or bad, be investigated or accepted. Since plaintiffs have suffered no legal injury from the University's decision, they have no cause of action under the civil rights statutes.

In view of the various sufficient grounds for upholding the district court's dismissal of plaintiffs' suit, we have not considered questions regarding plaintiffs' standing, venue, or the propriety of the class action under Rule 23, Federal Rules of Civil Procedure.

This case was submitted to this court for decision on May 3, 1967, following the hearing of full oral argument. Subsequently, on June 12, 1967, plaintiffs filed a "Petition for Certification of Six Questions by the United States Court of Appeals for the Seventh Circuit to the United States Supreme Court as Provided by Section 1254, Title 28, U.S. C.A., and Rule 37 of the Rules of the Supreme Court." They further request a stay of any consideration of this appeal until such questions are answered by the Supreme Court.

The first four questions asked are jurisdictional in nature and involve the construction of various federal statutes considered here in, inter alia, the Federal Food, Drug and Cosmetic Act, the Public Health Service Act, the Sherman Antitrust Act and the Federal Civil Rights Act. The fifth and sixth questions concern a determination of whether the American Medical Association and the American Cancer Society are subject to the restrictions and prohibitions contained in the Fourteenth Amendment and the Civil Rights Act.

■ It appears to be well settled that certification of questions pursuant to 28 U.S.C.A. § 1254 rests in the discretion of this court and cannot be in-

voked by a party as a matter of right. We respectfully decline to exercise our discretion to certify the questions submitted to the Supreme Court and plaintiffs' motion for certification is now denied. In view of our disposition of this appeal, plaintiffs are left with the right to seek review thereof by petition to the Supreme Court for a writ of certiorari.

For the reasons set out in this opinion, the judgment of the district court dismissing plaintiffs' action for injunctive relief is affirmed.

Affirmed.