[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11360
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23077-WJZ

SEAN P. REILLY,

Plaintiff - Appellant,

versus

GUELSY HERRERA,
individual capacity,
ERIC ABRAHAMSEN,
individual capacity,
JENNIFER CHRISTINE DAVIS,
JIM H. DAVIS,
CARMEN I. GONZALEZ, et. al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 27, 2015)

Before TJOFLAT, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Mr. Sean P. Reilly, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his civil rights complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because we agree that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Mr. Reilly's claims, we affirm.

## I

On August 26, 2013, Mr. Reilly filed an action under 42 U.S.C. § 1983 against probation officers Guelsy Herrera and Carmen Gonzalez, private citizens Jim and Jennifer Davis, State Attorney William Meggs, and Assistant State Attorney Eric Abrahamsen. He alleged that Ms. Davis harbored animosity toward him due to a prior failed relationship between them, and Ms. Davis and her father conspired with the other named defendants to send him to jail for a supervised release violation. Mr. Reilly claimed that the defendants' unlawful actions led to the revocation of his supervised release and a sentence of imprisonment of 60 months, in violation of his Fourth Amendment rights. Mr. Reilly was released from prison on the supervised release violation on December 1, 2013, after serving three years, and is currently serving a new sentence for an unrelated crime in the Leon County Jail.

Pursuant to § 1915(e)(2)(B)(ii), the district court dismissed Mr. Reilly's complaint, ruling that *Heck's* favorable-termination requirement barred the complaint because it challenged the revocation of supervised release. The district court also ruled that the defendants either acted within the scope of their authority and were entitled to absolute immunity, or did not act under color of state law. Further, the district court concluded that Mr. Reilly did not raise a cognizable conspiracy claim because he failed to show the existence of an agreement between the defendants and improperly brought a § 1983 action for state tort claims.

On appeal, Mr. Reilly asserts that the district court erred in its determination that *Heck* barred his § 1983 action because an alleged Fourth Amendment violation would not necessarily impugn the validity of his conviction. Mr. Reilly also argues that *Spencer v. Kemna*, 523 U.S. 1, 18-21 (1998), provides an exception to *Heck* that allows him to challenge his supervised release revocation under § 1983 without satisfying the favorable-termination requirement because he is no longer "in custody," and therefore not entitled to seek habeas relief. Finally, Mr. Reilly raises several other arguments regarding the merits of the district court's order.

## II

A district court may dismiss a case filed *in forma pauperis* at any time if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "A complaint should not be dismissed for failure to state a claim

3

unless it appears beyond doubt that the prisoner can prove no set of facts in support of his claim which would entitle him to relief." *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984) (citations omitted). "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (citations omitted). "We review a district court's *sua sponte* dismissal of a suit for failure to state a claim for relief under [§ 1915] *de novo*." *Harden v. Pataki*, 320 F.3d 1289, 1292 (11th Cir. 2003) (citations omitted).

### III

*Heck* generally bars any challenges to a previous conviction unless the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487. This is known as the "favorable-termination" requirement.

In a concurring opinion in *Spencer*, Justice Souter, joined by three other Justices, suggested an exception to *Heck*'s general rule. The exception would allow plaintiffs who are no longer "in custody" to bring actions under § 1983 without having to satisfy the favorable-termination requirement. *See Spencer*, 523 U.S. at 20-21. As he had earlier explained in his *Heck* concurrence:

> If [those] individuals (people who were merely fined, for example, or who have completed short terms of imprisonment, probation, or parole, or who discover (through no fault of their own) a constitutional violation after full expiration of their sentences), like state prisoners, were required to show the prior invalidation of their convictions or sentences in order to obtain § 1983 damages for unconstitutional conviction or imprisonment, the result would be to deny any federal forum for claiming a deprivation of federal rights to those who cannot first obtain a favorable state ruling. The reason, of course, is that individuals not "in custody" cannot invoke federal habeas jurisdiction, the only statutory mechanism besides § 1983 by which individuals may sue state officials in federal court for violating federal rights. That would be an untoward result.

*Heck,* 512 U.S. at 500 (Souter, J., concurring).

Drawing from Justice Souter's concurrence in *Spencer*, Mr. Reilly argues that *Heck* does not apply to his case because he has been released from custody and cannot pursue post-conviction relief, thereby making *Heck*'s favorable-termination requirement irrelevant. *See Spencer,* 523 U.S. at 21 (Souter, J., concurring) ("[A] former prisoner, no longer "in custody," may bring a § 1983 action establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy.").

We have not explicitly ruled on whether a plaintiff may bring a § 1983 action in the event that habeas relief is unavailable, even if success on the merits would call into question the validity of a conviction. We decline to do so here

because Mr. Reilly's case does not fit within the framework of scenarios mentioned in Justice Souter's *Spencer* concurrence.

During his three-year term of imprisonment, Mr. Reilly had ample time to pursue an appeal or other post-conviction remedies on the supervised release revocation, yet he did not avail himself of any of them. We doubt that Justice Souter intended to propose a broad exception to include prisoners who had the opportunity to challenge their underlying convictions but failed to do so. *See Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2003) (ruling that a defendant "cannot now use his 'failure timely to pursue habeas remedies' as a shield against the implications of *Heck*."). Consequently, we conclude that Justice Souter's proposed *Heck* exception in *Spencer*, even if adopted, does not apply to Mr. Reilly's case.

Additionally, Mr. Reilly's claim that the allegations in the complaint did not necessarily impugn the validity of his revocation fails. Mr. Reilly alleged that he never violated the conditions of his supervised release, and that the defendants engaged in a conspiracy to fabricate an arrest warrant and unlawfully seize him out of spite. If the defendants did engage in such actions, then the arrest would be unlawful and the revocation itself would be invalid. Such a claim falls squarely within the purview of *Heck*. Therefore, we affirm the district court's dismissal of Mr. Reilly's complaint.

## IV

For the foregoing reasons, we affirm the district court's dismissal of Mr. Reilly's complaint.

**AFFIRMED.**