[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17527
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-23077-WJZ

SEAN P. REILLY,

Plaintiff - Appellant,

versus

GUELSY M. HERRERA,
individual capacity,
ERIC ABRAHAMSEN,
individual capacity,
JENNIFER CHRISTINE DAVIS,
JIM H. DAVIS,
CARMEN I. GONZALEZ, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(April 3, 2018)

Before MARCUS, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Sean P. Reilly, proceeding *pro se*, appeals from the district court's denial of three post-judgment motions—a Rule 60(b) motion, a Rule 59(e) motion, and a motion for reconsideration—in his 42 U.S.C. § 1983 action, alleging, in part, that the defendants violated his Fourth and Fourteenth Amendment rights by conspiring to unlawfully seize him and send him to jail for a supervised release violation. Because Mr. Reilly's post-judgment motions essentially challenge our ruling in his previous appeal, his claim is barred by the law-of-the-case doctrine. Accordingly, we affirm.

# I

Mr. Reilly originally filed his civil rights complaint in 2013. The district court dismissed the claim *sua sponte*, ruling (as relevant here) that the favorable-termination requirement of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), barred the complaint because it challenged the revocation of Mr. Reilly's supervised release. Mr. Reilly appealed the dismissal, arguing that a concurring opinion in *Spencer v. Kemna*, 523 U.S. 1, 18–21 (1998) (Souter, J., concurring), provides an exception to *Heck* that allows him to challenge his supervised release revocation under § 1983 because he is no longer in custody pursuant to the challenged conviction. We affirmed the dismissal of his complaint, concluding that Mr.

2

Reilly's claim falls squarely within the purview of *Heck*. *See Reilly v. Herrera*, 622 F. App'x 832, 834–35 (11th Cir. 2015) ("*Reilly I*").

Mr. Reilly filed a petition for rehearing *en banc*, arguing that the panel erred in finding that he did nothing to challenge his supervised release revocation while he was in custody. He asserted—for the first time—that he had appealed his revocation in state court. Mr. Reilly also claimed that the panel's decision conflicted with the "authoritative decisions of other United States Courts of Appeal" that have addressed *Heck*'s favorable-termination bar. We denied his petition in September of 2015.

In 2016, Mr. Reilly filed the first two motions at issue in the present appeal—a Rule 60(b) motion in May and a self-styled Rule 59(e) motion in July—challenging our rulings in *Reilly I*. Mr. Reilly argued that relief under Rule 60(b) was appropriate because he could show sufficiently extraordinary circumstances to justify relief. He further asserted that we erred in declining to apply Justice Souter's proposed *Heck* exception (as set out in his *Spencer* concurrence) to his claim because he had appealed his supervised release revocation in state court and had sought state post-conviction relief—the same arguments he raised in petitioning for rehearing *en banc*. Mr. Reilly also argued that our decision in *Reilly I* created a "*de facto* exhaustion requirement" for § 1983 plaintiffs with no clear standard or guidance for how the requirement should be applied.

3

The district court denied Mr. Reilly's motions because they were untimely and did not state a cognizable basis upon which relief could be granted from our rulings. Mr. Reilly then moved for a certificate of appealability, which the district court construed as a notice of appeal. He also moved for reconsideration of the denial of his motions – the third motion at issue in this appeal. The district court denied his motion for reconsideration because the notice of appeal divested it of jurisdiction over matters involved on appeal. Thereafter, Mr. Reilly filed a formal notice of appeal.

On appeal, Mr. Reilly reasserts the arguments he raised in *Reilly I* and in his petition for rehearing *en banc*. He also argues that his post-judgment motions were not untimely because they were filed within a reasonable time after the Supreme Court denied his petition for certiorari. He further contends that the district court abused its discretion in denying the post-judgment motions because he established that we relied on erroneous facts when we decided *Reilly I*. Finally, he argues that the district court erred when it failed to consider his motion for reconsideration because it misconstrued his application for a certificate of appealability as a notice of appeal.

In addition, Mr. Reilly has moved for us to certify a question of law to the United States Supreme Court pursuant to 28 U.S.C. § 1254(2). He essentially

4

requests that we "certify" a condensed version of the arguments he raises on appeal directly to the Supreme Court.

## II

We review the denial of post-judgment motions under Rules 60(b) and 59(e) for an abuse of discretion. *See Bender v. Mazda Motor Corp.*, 657 F.3d 1200, 1202 (11th Cir. 2011); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013). We likewise review a district court's ruling on a motion for reconsideration for abuse of discretion. *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). As a general matter, we may affirm on any ground supported by the record. *See LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014).

## III

To the extent that Mr. Reilly seeks to challenge our decision in *Reilly I*, his contention is barred by the law-of-the-case doctrine. *See Mega Life & Health Ins. Co.*, 585 F. 3d at 1405. Under this doctrine, findings of fact and conclusions of law by an appellate court generally are binding in all later proceedings in the same case in the trial court or on a later appeal. *See Mega Life & Health Ins. Co. v.*

*Pieniozek*, 585 F.3d 1399, 1405 (11th Cir. 2009). The doctrine, however, does not bar reconsideration of an issue if (1) a later trial produces substantially different evidence; (2) controlling authority has since made a contrary decision of law applicable to that issue; or (3) the prior decision was clearly erroneous and would work a manifest injustice.  *Id.*

Mr. Reilly does not allege that a later trial produced substantially different evidence or that any new controlling authority applies to his claim. As such, neither exception to the doctrine applies.  Instead, the thrust of Mr. Reilly's current argument is that he would have been entitled to relief under *Spencer* but for our erroneous finding that he failed to pursue state court remedies.

Under § 1983, a person acting under color of state law may be held liable for causing the deprivation of "any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. § 1983.  A § 1983 suit for damages must be dismissed, however, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  *Heck*, 512 U.S. at 487.  In a concurring opinion in *Spencer*, Justice Souter discussed the implications of *Heck* and opined that a "former prisoner, no longer 'in custody'" should be allowed to "bring a § 1983 claim establishing the unconstitutionality of a conviction or confinement without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy."  *Spencer*, 523 U.S. at 21 (Souter,

6

J., concurring).  To date, however, neither the Supreme Court nor this Court has applied the exception described in Justice Souter's concurrence in a published opinion.

Justice Souter's concurring opinion in *Spencer* did not overturn *Heck*'s bar on § 1983 actions challenging the validity of the claimant's conviction or sentence. *See Heck*, 512 U.S. at 487.  Therefore, even if we erred in finding that Mr. Reilly had not pursued his state court remedies, our ruling was not clearly erroneous and did not result in manifest injustice because *Heck* is still controlling law.  *See Mega Life & Health Ins. Co.*, 585 F.3d at 1405.  Mr. Reilly, therefore, does not satisfy the third exception to the law-of-the-case doctrine.

In addition, Mr. Reilly's argument that he diligently pursued and exhausted state court remedies challenging his revocation of supervised release fails because he did not assert it in the initial brief in *Reilly I*.  In fact, he did not raise this argument until he filed a petition for rehearing *en banc* in *Reilly I*.  We have repeatedly declined to consider issues raised for the first time in a petition for rehearing.  *See, e.g., United States v. Levy*, 416 F.3d 1273, 1275 (11th Cir. 2005); *United States v. Martinez*, 96 F.3d 473, 475 (11th Cir. 1996); *Scott v. Singletary*, 38 F.3d 1547, 1552 (11th Cir. 1994); *Dunkins v. Thigpen*, 854 F.2d 394, 399 (11th Cir. 1988); *Holley v. Seminole County Sch. Dist.*, 763 F.2d 399, 400–01 (11th Cir. 1985).  Mr. Reilly cannot now seek to press an issue that he failed to properly

present in his first appeal, and which we have already declined to hear in his petition for rehearing *en banc*.

Taking each of Mr. Reilly's remaining arguments in turn, the district court did not abuse its discretion when it concluded that the post-judgment motions were untimely. Rule 59(e) allows a party to move to alter or amend judgment in a civil case no later than 28 days after entry of the judgment. *See* Fed. R. Civ. P. 59(e). "A court must not extend the time to act under Rule [59(e)]." Fed. R. Civ. P. 6(b)(2). *See also Green v. DEA*, 606 F.3d 1296, 1300 (11th Cir. 2010) (finding that Rule 6(b)(2) prohibits extending the time to file a Rule 59(e) motion, even where the district court erroneously grants a defendant an extension of time to file a motion for reconsideration). However, when a Rule 59(e) motion is filed more than 28 days after the entry of judgment and the grounds stated would be a basis for Rule 60(b) relief, the district court may treat it as a motion for relief from judgment under Rule 60(b). *See Nisson v. Lundy*, 975 F. 2d 802, 806 (11th Cir. 1992).

Under Rule 60(b), a court may relieve a party of a final order or judgment for (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, or discharged, that is

8

based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made "within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

Mr. Reilly's post-judgment motions were filed more than two years after the district court dismissed his § 1983 action—well beyond the 28-day limitation imposed under Rule 59(e) and the one-year time limit under Rule 60(b)(1), (2), and (3). Mr. Reilly also specifically invoked Rule 60(b)(6), a subsection which provides that the court may relieve a party from a final order based on "any other reason that justifies relief." Fed. R. Civ. P. 60(6)(6). Although this catch-all provision has no strict time limitation, it is intended "only for extraordinary circumstances." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000). Thus, "[Mr. Reilly] must do more than show that a grant of [his] motion might have been warranted. [He] must demonstrate a justification for relief so compelling that the district court was *required* to grant [his] motion." *Rice v. Ford Motor Co.*, 88 F.3d 914, 919 (11th Cir. 1996).

Even assuming that Mr. Reilly filed his Rule 60(b)(6) motion within a "reasonable time," no extraordinary circumstances cause us to conclude that the

9

district court abused its discretion.    In addition, Mr. Reilly's post-judgment motions challenged our factual findings and legal conclusions in *Reilly I*—but neither Rule 60(b) nor Rule 59(e) grants a district court the authority to alter, amend, or grant relief from an appellate court's rulings.  The district court's denials of Mr. Reilly's post-judgment motions were not an abuse of discretion because it lacked the authority to grant Mr. Reilly the relief he sought.  *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

Likewise, the district court did not err when it interpreted Mr. Reilly's mislabeled "application for a certificate of appealability" as a notice of appeal because the motion, in effect, was cognizable as a formal notice of his intent to request review of the district court's order. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Hughes v. Lott*, 350 F. 3d 1157, 1160 (11th Cir. 2003) (quotation omitted).  Here, Mr. Reilly's application for a certificate of appealability clearly expressed an intent to "appeal issues in the . . . [district court's] denial of the Rule 60(b)(6) and Rule 59(e) motions."  D.E. 51 at 1.  Therefore, the district court properly construed the application as a notice of appealability and appropriately determined that it lacked jurisdiction to consider Mr. Reilly's subsequent motion for reconsideration.

10

Finally, as to Mr. Reilly's request that we certify a question to the Supreme Court of the United States, we decline to do so.  Certification of questions pursuant to 28 U.S.C.A. § 1254 rests in the discretion of the Courts of Appeal and cannot be invoked by a party as a matter of right.  *See* 28 U.S.C.A. § 1254.  *See also Rutherford v. American Medical Ass'n*, 379 F.2d 641, 644–45 (7th Cir. 1967) (declining to certify plaintiffs' questions where the disposition of the appeal left plaintiffs with the right to seek review by petition to the Supreme Court for a writ of certiorari).  Moreover, "the Supreme Court has discouraged the use of this certification procedure and has accepted certified questions only four times in the last 60 years."  *In re Hill*, 777 F.3d 1214, 1225 (11th Cir. 2015).  In fact, the Supreme Court has admonished that the certification procedure is proper only in "rare instances."  *See id.* (citing to *Wisniewski v. United States,* 353 U.S. 901, 902 (1957)) (quotation omitted).

Although Mr. Reilly contends that his appeal raises questions of great public importance, the issues he requests that we certify amount to a slightly condensed version of the arguments we reject in this opinion.  Therefore, certification is not appropriate.

**IV**

The district court did not abuse its discretion when it denied Mr. Reilly's post-judgment motions.  Accordingly, we affirm.

**AFFIRMED.**

12